UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TARAH SAHLBERG,

             Plaintiff,

     v.

P.S.C., INC. AND ADAMS & ADAMS
LAW, P.S.,

             Defendants.

Case No.  C12-1457RSL

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendant Adams & Adams Law, P.S.'s ("Adams") "Motion and Memorandum for Summary Judgment," Dkt. # 13, defendant P.S.C., INC.'s ("PSC") "Motion for Summary Judgment of Dismissal on the Basis of Res Judicata and Collateral Estoppel," (Dkt. # 16), and plaintiff Tarah Sahlberg's "Motion to Extend Time to File Response to Defendants' Motions for Summary Judgment," Dkt. # 20.  Having reviewed the memoranda, declarations, and exhibits submitted by parties, the Court finds as follows:

## II.  DISCUSSION

### A.    Background Facts

The facts of this case are largely undisputed.  In January 2012, defendant Adams, a law firm, filed a collection action against plaintiff in King County Superior Court on behalf of its

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 1

client, PSC. Dkt. # 18 at 7-9.   PSC, a debt collection company, sought to collect debts owed by plaintiff to MultiCare Health System, MultiCare Medical Associates, and Tacoma Radiological Associates in the total amount of $2,289.41, plus $877.76 interest and post judgment interest at the rate of 12 percent per year. Id. at 9.  In her answer to the complaint, plaintiff asserted 14 affirmative defenses, including claims that any amount owing may be subject to an offset or barred by PSC's violations of the Truth in Lending Act, the Equal Credit Opportunity Act, the Telephone Consumer Protection Act, the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act ("FDCPA"). Id. at 12-15.

PSC moved for summary judgment and the Honorable Beth Andrus heard oral argument on August 3, 2012. Id. at 26.  During the hearing, plaintiff's counsel argued, among other things, that the amount owing should be offset by PSC's FDCPA and Consumer Protection Act violations. Id. at 27.  Plaintiff's counsel also argued that the interest sought by PSC was unreasonable and unlawful. Id.  The court granted summary judgment in favor of PSC and entered an order awarding PSC $2,289.41, the principal amount owed, plus $1,045.61 in interest. Id. at 31-32.  The court also granted PSC's request for post-judgment interest at the statutory rate of 12 percent per year. Id.

A few weeks after the court entered its order, plaintiff filed suit in this Court against PSC and PSC's counsel, Adams, alleging claims related to their pre-litigation debt collection practices. Dkt. # 1.  Plaintiff claims that PSC violated the FDCPA by (1) falsely representing the amount of plaintiff's debt by adding interest to the debt, (2) threatening to take legal action that could not legally be taken, (3) using false representations or deceptive practices in connection with the collection of an alleged debt, (4) collecting an amount from plaintiff not expressly authorized by the agreement creating the debt or law, and (5) failing to meaningfully convey the amount of the alleged debt to plaintiff. Dkt. # 1 ¶¶ 51-65.  Plaintiff also contends that PSC violated Washington's Consumer Protection Act ("CPA") by failing to itemize her alleged debt.

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 2

1    Id. ¶¶ 66-73.[1]

2        Plaintiff claims that Adams committed similar federal and state statutory violations in its

3    attempt to collect the debt for PSC.  Specifically, plaintiff alleges that Adams violated the

4    FDCPA by (1) falsely representing the amount of plaintiff's debt by adding interest to the debt,

5    (2) using false representations or deceptive practices in connection with the collection of an

6    alleged debt, (3) collecting an amount from plaintiff not expressly authorized by the agreement

7    creating the debt and not permitted by law.  Dkt. # 1 ¶¶ 74-85.  Plaintiff contends that PSC, as a

8    debt collector, is directly liable for Adams' violations of the FDCPA because Adams was acting

9    as an agent of PSC.  Finally, plaintiff claims that Adams violated the CPA by failing to itemize

10   plaintiff's alleged debt.  Id. ¶¶ 86-88.

11   **B.    Summary Judgment Standard**

12       Summary judgment is appropriate when, viewing the facts in the light most favorable to

13   the nonmoving party, the records show that "there is no genuine dispute as to any material fact

14   and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the

15   moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

16   fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file,

17   "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S.

18   317, 324 (1986).

19       All reasonable inferences supported by the evidence are to be drawn in favor of the

20   nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

21   "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary

22   judgment must be denied."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d

23   _____

24       [1] Plaintiff's complaint sets forth two counts of CPA violations against Adams, Dkt. # 1 ¶¶
25   66-73, 86-88, but the first count, Count VI, identifies Adams in its heading and PSC in the
     subsequent factual allegations, id. ¶¶ 66-73.  In light of Count X's identification of Adams in
26   both the heading and factual allegations, the Court presumes that Count VI presents a CPA claim
27   against PSC and not Adams.  See id. ¶¶ 86-88.

28   ORDER GRANTING MOTIONS
     FOR SUMMARY JUDGMENT - 3

626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id.

**C.      Motion to Extend Time**

On December 31, 2012, the day on which plaintiff's responses to defendants' summary judgment motions were due under Local Civil Rule 7(d)(3), plaintiff filed a motion for an extension of time under which she could respond to defendant's motion. Dkt. # 20. Plaintiff's counsel's reason for the extension is that he was in Tennessee over the holidays and his return to Washington was delayed due to inclement weather. Id. at 2. Even though plaintiff's counsel makes no attempt to explain why he was prohibited from completing his response before his return, the Court declines to deny plaintiff the opportunity to have this case decided on the merits due to her counsel's failure to comply with the rules. Plaintiff's motion for an extension of time (Dkt. # 20) is GRANTED.

**D.      Plaintiff's Request for Continuance**

Plaintiff's vague request for a continuance does not meet the strictures of Federal Rule of Civil Procedure 56. Plaintiff does not state what the requested discovery will reveal or how it will defeat summary judgment. Her assertions that she is "without reasonable opportunity to discover relevant information" and "unable to present by affidavit facts essential to justify their oppositions to Defendants' motions for summary judgment" are insufficient to justify a continuance. See, e.g., Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). Accordingly, plaintiff's request for a continuance is DENIED.

**E.      Analysis**

PSC and Adams contend that all of plaintiff's claims are barred by the doctrines of res

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 4

1  judicata and collateral estoppel.  Dkt. # 13 at 2; Dkt. # 17 at 4.

2       Under 28 U.S.C. § 1738 ("Section 1738"), federal courts are required to give "full faith

3  and credit" to state court judgments.  28 U.S.C. § 1738.  "[A] federal court must give to a state-

4  court judgment the same preclusive effect as would be given that judgment under the law of the

5  State in which the judgment was rendered."  White v. City of Pasadena, 671 F.3d 918, 926 (9th

6  Cir. 2012).  When determining whether a prior state court judgment precludes a subsequent

7  federal court action, a federal court may not "employ [its] own rules of res judicata in

8  determining the effect of state judgments."  Kremer v. Chemical Const. Corp., 456 U.S. 261,

9  481-81 (1982).  Section 1738 "commands a federal court to accept the rules chosen by the State

10  from which the judgment is taken."  Id.  Thus, the Court applies Washington law to determine

11  whether the earlier collection action precludes plaintiff's claims under the FDCPA and CPA.

12       "The doctrine of res judicata rests upon the ground that a matter which has been litigated,

13  or in which there has been an opportunity to litigate, in a former action in a court of competent

14  jurisdiction, should not be permitted to be litigated again."  Ensley v. Pitcher, 152 Wn. App. 891,

15  899 (2009).  Res judicata, or claim preclusion, requires "identity between a prior judgment and a

16  subsequent action as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4)

17  the quality of persons for or against whom the claim is made."  Karlberg v. Otten, 167 Wn. App.

18  522, 536 (2012).  Res judicata also requires a final judgment on the merits.  Id.

19       "[C]ollateral estoppel differs from res judicata in that, instead of preventing a second

20  assertion of the same claim or cause of action, it prevents a second litigation of issues between

21  the parties, even though a different claim or cause of action is asserted."  Rains v. State, 100

22  Wn.2d 660, 665 (1983).  Res judicata bars a litigant from raising a claim that could have been

23  raised in a prior action.  Pederson v. Potter, 103 Wn. App. 62, 67 (2000).  Collateral estoppel,

24  however, bars only those issues actually raised and litigated in the earlier action.  Yakima Cnty.

25  v. Yakima Cnty. Law Enforcement Officers Guild, 167 Wn. App. 304, 332 (2010).  Collateral

26  estoppel requires "(1) identical issues; (2) a final judgment on the merits; (3) the party against

27

28  ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 5

whom the plea is asserted must have been a party to or in privity with a party to the prior

adjudication; and (4) application of the doctrine must not work an injustice on the party against

whom the doctrine is to be applied." Id.

### 1.    Plaintiff's Claims Against PSC

Considering these doctrines in the context of this case, the Court finds that plaintiff's

FDCPA claims against PSC are barred by res judicata and collateral estoppel.  Washington

courts have repeatedly found that summary judgment constitutes a final judgment on the merits.

E.g. Ensley v. Pitcher, 152 Wn. App. at 899.  Plaintiff does not dispute that both this action and

the collection action involved claims between plaintiff and PSC. Dkt. # 23 at 4.  Similarly, there

is no dispute that plaintiff sought relief under the FDCPA in her answer, and during oral

argument on the summary judgment motion. Dkt. # 18 at 14, 27.  Although the court did not

directly rule on her FDCPA arguments, they were clearly presented to the court and the court

ruled against plaintiff.  Id. at 27.  In addition, the subject matter of this suit is the same as that in

the earlier suit.  While it is true that PSC initiated the action to recover a debt, plaintiff asserted

allegations that PSC's pre-litigation conduct violated several federal consumer protection

statutes.  Id. at 14.  Finally, plaintiff and PSC are bound by the judgment entered in the state

court collection action.  The judgment expressly included an award of interest accrued since

plaintiff incurred the debt at a rate of 12 percent per year and it did not include a setoff. Dkt. #

18 at 28, 31.

With respect to plaintiff's CPA claim against PSC, the Court finds that even though

plaintiff did not allege a violation of the CPA, this claim is also barred by res judicata and

collateral estoppel.  Res judicata applies to claims that could have been asserted in the prior suit

even if they were not actually raised.  Pederson, 103 Wn. App. at 67.  Even though plaintiff did

not seek a setoff based on any alleged CPA violations, she did pursue a setoff under several

federal statutes designed to protect consumers and could have included her CPA arguments

within the context of these other claims.

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 6

1    Plaintiff relies on Sprinkle v. SB&C Ltd., 472 F.Supp.2d 1235 (W.D. Wash. 2006) to

2  support her contention that "[r]es judicata does not apply to a claim brought upon a debt

3  collector under the FDCPA that does not seek to invalidate the judgment or the validity of the

4  debt." Dkt. # 23 at 5.  In Sprinkle, the plaintiffs filed a complaint against a debt collection

5  company and its lawyer, claiming among other things that they violated the FDCPA and the

6  CPA when they garnished Mr. Sprinkle's military pay while he was on active duty to satisfy an

7  outstanding debt. Sprinkle, 472 F.Supp.2d at 1237.  The court determined that plaintiffs'

8  argument that defendants violated the FDCPA by failing to file a Servicemembers Civil Relief

9  Act ("SCRA") affidavit in the garnishment proceeding was not precluded by res judicata or

10  collateral estoppel. Sprinkle, 472 F.Supp.2d at 1241.  The Court distinguished the state court

11  matter from the federal case based on the former's focus on whether military pay was per se

12  exempt from garnishment and the latter's focus on whether failure to file a SCRA affidavit was a

13  violation of the FDCPA. Id. at 1242.

14    Plaintiff contends that Sprinkle stands for the proposition that an FDCPA claim is

15  independent from a state court collection proceeding when it does not challenge the state court

16  judgment or the validity of the debt, but the collection practices of the debt collector. Dkt. # 23

17  at 6.  However, the court's holding was not as broad as plaintiff argues.  In reaching its decision

18  in Sprinkle, the court relied on the fact that the plaintiffs' FDCPA argument was never raised

19  during the state court proceeding. Id. at 1242.  Furthermore, the court looked beyond the labels

20  of the claims to the specific facts underlying the plaintiffs' FDCPA claim and determined that

21  the issues decided by the state court were not being litigated in the federal case. Id. at 1243.

22    Unlike the plaintiffs in Sprinkle, plaintiff raised her FDCPA arguments during the state

23  court proceeding.  Furthermore, her claims are premised on the allegation that PSC was not

24  entitled to interest accrued on the principal debt at that rate. Dkt. # 1 ¶¶ 10-73.  Despite

25  plaintiff's representation that she does not seek to challenge the state court judgment or the

26  validity of the debt, Dkt. # 23 at 5, plaintiff's claims, if successful, would undermine the state

27

28  ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 7

court's finding that PSC was entitled to recover interest accrued on the debt at 12 percent per year.  Thus, the Court finds that unlike the plaintiffs in Sprinkle, plaintiff's claims against PSC challenge the judgment itself, not the debt collection practices that led to the judgment.  The ultimate issue in the present case is the propriety of PSC's pursuit of interest earned at the statutory rate of 12 percent per year, which the state court previously determined in the collection action.  Thus, plaintiff's claims against PSC are barred by res judicata and collateral estoppel.  PSC's motion for summary judgment is GRANTED.

### 2.    Plaintiff's Claims Against Adams

Plaintiff's nearly identical claims against Adams are barred by collateral estoppel. Plaintiff contends that her claims against Adams are not precluded because Adams was not a party to the state court collection action.  Dkt. # 23 at 4.  However, collateral estoppel requires only that the party against whom the plea is asserted be a party or in privity with a party in the prior adjudication.  Yakima Cnty., 167 Wn. App. at 332.  Washington courts "apply nonmutual collateral estoppel so long as the party against whom preclusion is sought was a party or in privity with a party to the prior litigation and had a full and fair opportunity to litigate the issue in question."  State v. Collins, 152 Wn.2d 107, 113-14.

Here, there is no doubt that the Adams was not a named defendant in the state collection action, but Adams need not have been a party to the prior litigation to assert collateral estoppel as a defense  Id.  The parties do not dispute that plaintiff was a party to the earlier litigation. Having already found that the other elements of collateral estoppel are satisfied, the Court finds that plaintiff's claims against Adams are barred by that doctrine.  Thus, Adams' motion for summary judgment is GRANTED.

### III.  CONCLUSION

For all of the foregoing reasons, PSC's motion for summary judgment (Dkt. # 16) and Adams' motion for summary judgment (Dkt. # 13) are GRANTED.  Plaintiff's motion for an extension of time (Dkt. # 20) is GRANTED.  Plaintiff's request for a continuance is DENIED.

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT - 8

1    The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff.

2        DATED this 19th day of June, 2013.

3

4

5                                        *MRT S Lasnik*

6                                        Robert S. Lasnik
                                         United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING MOTIONS
     FOR SUMMARY JUDGMENT - 9